# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 20, 2021

Lyle W. Cayce
Clerk

No. 19-30836
Summary Calendar

Darrell Berry; Constance Lafayette,

*Plaintiffs—Appellants*,

*versus*

Wells Fargo Bank, N.A.; Federal Home Loan Mortgage Corporation, "Freddie Mac" *as trustee for securitized trust*; Loancity; Freddie Mac Multiclass Certificates Series 3113 Trust; Mortgage Electronic Registration System, "MERS"; Does 1-100, "inclusive,"

*Defendants—Appellees*.

Appeal from the United States District Court
for the Middle District of Louisiana
No. 3:18-CV-888

Before King, Smith, and Wilson, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances

No. 19-30836

Plaintiffs sued *pro se*, asserting a variety of claims against six defendants. The present appeal arises from the dismissal of plaintiffs' claims against three of those defendants: Federal Home Loan Mortgage Corporation, Freddie Mac Multiclass Certificate 3113 Trust, and Mortgage Electronic Registration System.

"Federal courts are of limited jurisdiction," and we "possess only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Generally speaking, Congress has granted courts of appeals jurisdiction to review only "final decisions of the district courts of the United States . . . ."[1] An order, such as the one here, "that resolves 'the rights and liabilities of fewer than all parties' is not final—because any such order 'may be revised[2] at any time' before final judgment." *Williams v. Seidenbach*, 958 F.3d 341, 346–47 (5th Cir. 2020) (en banc) (quoting FED. R. CIV. P. 54(b)).[3]

Because plaintiffs appeal an order that "adjudicate[d] . . . rights and

---

set forth in 5TH CIRCUIT RULE 47.5.4.

[1] 28 U.S.C. § 1291; *see also McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 350 (5th Cir. 2004) (per curiam) ("[A]s a general rule, all claims and issues in a case must be adjudicated before appeal, and a notice of appeal is effective only if it is from a final order or judgment." (quotation omitted)).

[2] "[R]evis[ing]" its order is exactly what the district court did. FED. R. CIV. P. 54(b). It granted plaintiffs' motion for reconsideration and permitted them to file an amended complaint, which it dismissed on September 25, 2020. *Berry v. LoanCity*, No. 18-888-JWD-SDJ, 2020 WL 5750854, at *10 (M.D. La. Sept. 25, 2020), *appeal docketed*, No. 20-30670 (5th Cir. Oct. 27, 2020). Plaintiffs have filed a separate appeal challenging that dismissal. *See id.*

[3] There are exceptions to that general rule, none of which is applicable here. *See generally* 19 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 202.06 (3d ed. 2020) (explaining that there are "certain circumstances" in which a district court "may order a final judgment to be entered as to fewer than all of the parties or claims in an action").

liabilities of fewer than all parties," it is not a final decision, so we lack jurisdiction to review it. Fᴇᴅ. R. Cɪᴠ. P. 54(b). Accordingly, the appeal is DISMISSED. Plaintiffs' motion to consolidate this appeal with No. 20-30670 is DENIED.